# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:11-CR-39-TLS |
| TRENT D. MOORE | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 139], filed by Defendant Trent D. Moore on November 7, 2019. Because Defendant was sentenced in accordance with the modifications made by Section 2 of the Fair Sentencing Act, the Court denies the motion as required by Section 404(c) of the First Step Act.

## BACKGROUND

On August 8, 2019, Defendant filed a Motion for the Appointment of Counsel [ECF No. 134], asking for the assistance of counsel to ascertain the effect of recent changes in the sentencing law on his sentence. On September 11, 2019, the Court issue an Order [ECF No. 135], appointing counsel and directing the United States Probation Officer to file a report regarding Defendant's eligibility for a modification of his sentence. On September 12, 2019, Attorney Thomas N. O'Malley entered his appearance on behalf of Defendant [ECF No. 136]. On October 9, 2019, the United States Probation Officer filed an Addendum to the Presentence Report [ECF No. 137]. On November 7, 2019, Defendant filed the instant Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 139], and on November 18, 2019, the Government filed a Response in Opposition [ECF No. 140].

# ANALYSIS

Section 404 of the First Step Act, which was signed into law on December 21, 2018, permits a court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. *See* First Step Act, § 404(b).

Under the Anti-Drug Abuse Act of 1986, 100 Stat. 2307, the penalties for crack cocaine offenses treated one gram of crack cocaine as the equivalent of 100 grams of powder cocaine, referred to as the 100-to-1 ratio. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). On August 3, 2010, Congress enacted the Fair Sentencing Act, which lowered the 100-to-1 ratio to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). To achieve this end, Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amount of crack cocaine necessary to support the statutory ranges for convictions in 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010); *see also Dorsey*, 567 U.S. at 269. The threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(A) increased from 50 grams to 280 grams, and the threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(B) increased from 5 grams to 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372; *see also Dorsey*, 567 U.S. at 269. The Fair Sentencing Act did not provide relief to defendants who were sentenced prior to its enactment; however, the Supreme Court held that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, for offenses committed before that date. *See Dorsey*, 567 U.S. at 273, 282.

On December 21, 2018, Congress enacted the First Step Act, which permits "[a] court that imposed a sentence for a covered offense" to now "impose a reduced sentence as if sections

2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Thus, the First Step Act makes Section 2 of the Fair Sentencing Act retroactive. One limitation on relief under the First Step Act is that the Court may not consider a motion to reduce a sentence "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ." First Step Act, § 404(c). Finally, "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

Defendant is not entitled to relief under the First Step Act because his sentence was already imposed in accordance with the amendments made by section 2 of the Fair Sentencing Act. The Indictment charged Defendant with four counts of drug-related charges. *See* Indictment, ECF No. 17. Count 2 charged Defendant with distribution of 50 grams or more of crack cocaine on February 25, 2010, and Count 3 charged him with distribution of 50 grams or more of crack cocaine and less than 500 grams of cocaine on April 7, 2010. *See id*. In the Amended Plea Agreement, Defendant agreed to plead guilty to Counts 2 and 3, and the penalties contained in the amended plea agreement referenced quantities of crack cocaine of 28 grams but less than 280 grams. Am. Plea Agreement ¶ 8.b, ECF No. 63. The penalties that were noticed to Defendant in the Amended Plea Agreement indicated not less than 5 years and not more than 40 years of imprisonment with a supervised release term of at least 4 years, and, with an enhancement based on a prior felony drug conviction, which the Government had noticed pursuant to 21 U.S.C.

§ 851, *see* ECF No. 59, the penalties increased to not less than 10 years and not more than life imprisonment with a supervised release term of at least 8 years. Am. Plea Agreement ¶ 8b.

On December 20, 2012, Defendant pled guilty to Counts 2 and 3 of the Indictment pursuant to the terms of the Amended Plea Agreement. *See* Change of Plea Hearing, ECF No. 64. In the Presentence Investigation Report ("PSR"), the penalties set forth under the Fair Sentencing Act were utilized, with the penalties listed as 10 years to life imprisonment and at least 8 years of supervised release. PSR p. 1, ¶ 89, 93, 96, 99, ECF No. 73 (citing 21 U.S.C. § 841(b)(1)(B)(iii)). The quantity of drugs involved in the commission of the offenses was found to be 202.1 grams of crack cocaine and 2.4 grams of cocaine. *Id.* ¶ 19. However, Defendant was determined to be a career offender, and his base level was set at 37. *Id.* ¶ 32. After a reduction for acceptance, Defendant was facing a guideline range of 262 to 327 months based on an offense level of 34. *Id.* ¶¶ 22–23, 90. With an agreed filing by the parties and a new revised guideline range of 188 to 235 months, the Court sentenced Defendant on April 17, 2014, to 188 months on each count to run concurrently. The Court also imposed a term of supervised release of 8 years on each count to run concurrently. *See* Sentencing, ECF No. 121; Judgment, ECF No. 122.

Therefore, Defendant has already received the benefit of Section 2 of the Fair Sentencing Act. Prior to the Fair Sentencing Act, the penalty for an offense involving 50 grams or more of crack cocaine was found in 21 U.S.C. § 841(b)(1)(A). With the Fair Sentencing Act raising the threshold quantity of crack from 50 grams to 280 grams for the penalties under 21 U.S.C. § 841(b)(1)(A), Defendant's penalty for an offense involving more than 28 grams but less than 280 grams of crack cocaine is found in 21 U.S.C. § 841(b)(1)(B). Defendant was sentenced under § 841(b)(1)(B). Thus, Defendant already received the benefit of the Fair Sentencing Act, and the Court cannot consider his motion. *See* First Step Act, § 404(c).

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 139].

SO ORDERED on December 3, 2019.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT